F I L E D
United States Court of Appeals
Tenth Circuit

OCT 8 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ERNEST WADDELL SLATER, JR.,

    Defendant-Appellant.

No. 98-3032
(D.C. No. 96-CR-40075-01-DES)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

Ernest Waddell Slater, Jr. pleaded guilty to possession with intent to distribute 8.62 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 92 months' imprisonment. He appeals his sentence, contending that the district court erroneously denied him a reduction in the base offense level for acceptance of responsibility. See U.S.S.G. § 3E1.1. We exercise jurisdiction over this appeal under 18 U.S.C. § 3742(a)(2), and affirm the sentence.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

We review the sentencing court's "acceptance of responsibility" determination as a question of fact under the clearly erroneous standard, United States v. Mitchell, 113 F.3d 1528, 1533 (10th Cir. 1997), cert. denied, 118 S. Ct. 726 (1998); United States v. Amos, 984 F.2d 1067, 1071 (10th Cir. 1993), and accord great deference to the sentencing court because of its unique position to evaluate the defendant's acceptance of responsibility. See U.S.S.G. § 3E1.1, Application Note 5; United States v. Janusz, 135 F.3d 1319, 1325 (10th Cir. 1998); Amos, 984 F.2d at 1073 ("The sentencing court's determination that a defendant is not entitled to an adjustment for acceptance of responsibility is entitled to great deference on review and should not be disturbed unless it is without foundation.").

Application Note 3 to U.S.S.G § 3E1.1 provides that entry of a guilty plea prior to trial combined with truthful admission of the conduct comprising the offense of conviction and of any other additional relevant conduct constitutes significant evidence of acceptance of responsibility. The Note further provides, however, that this evidence "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility."

The district court in this case acknowledged that the government had agreed to a three-level reduction for acceptance of responsibility, but held that Mr. Slater was not entitled to such a reduction in light of findings by the

magistrate judge that Mr. Slater had violated his bond conditions by possessing firearms and ammunition and by being present during an undercover drug transaction. (ROA Vol. III, at 7; Vol. II, at 48-49). Mr. Slater contests the district court's finding that the magistrate judge had ruled there was "probable cause" to believe that Mr. Slater was present during the drug transaction. Even assuming that the district court erroneously believed that the magistrate had made an actual "probable cause" finding to believe that Slater was present, (ROA Vol. III at 7), it is clear that the magistrate found that the evidence showed that Slater "was present at the time of [the controlled] purchase." (ROA Vol. II at 48-49.) That the sentencing court slightly reworded this finding bears no consequence under the circumstances. In any event, the magistrate judge's findings with respect to Mr. Slater's possession of firearms and ammunition, (ROA Vol. II at 46), coupled with his explicit concern that the defendant had "not made any effort to disassociate himself from the narcotics trafficking," (ROA Vol. II at 49), supply sufficient foundation for the sentencing court's refusal of the three-level reduction. See U.S.S.G. § 3E1.1, Application Note 1(b) (providing that, in determining whether defendant qualifies for reduction for acceptance of responsibility, sentencing court may consider whether there has been voluntary termination or withdrawal from criminal conduct or associations).

We give deference to the district court's conclusion that the evidence of Mr. Slater's acceptance of responsibility was outweighed by conduct that was inconsistent with acceptance of responsibility. Based on the record before us, we believe the district court did not clearly err in determining that, due to his continued criminal activity while on pre-trial release, the defendant was not entitled to a reduction for acceptance of responsibility. We therefore AFFIRM the sentence imposed by the district court.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge